**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| KAREEM ABDUL ANDERSON, | : | CIV. NO. 16-5018(RMB) |
| Plaintiff, | : | |
| v. | : | OPINION |
| JOHN T. KELLEY, J.S.C., *et al.*, | : | |
| Defendants. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

This matter comes before the Court upon Plaintiff's submission of a prisoner civil complaint. (Compl., ECF No. 1.) Plaintiff is a pretrial detainee, confined in Camden County Correctional Facility in Camden, New Jersey.

I.   FILING FEE

Plaintiff has submitted a properly completed application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. (ECF No. 1-2.) Plaintiff has established his inability to prepay the $400.00 filing fee, and his IFP application will be granted.

II.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

After Plaintiff is granted in forma pauperis status, the Court is required to review a prisoner's civil complaint under 28 U.S.C. § 1915(e)(2)(b) and § 1915A.  The Court must dismiss any claims that

1

are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

III. DISCUSSION

Plaintiff alleges the following in his Complaint. He asserts jurisdiction under Sections 2038 and 2514 of the Internal Revenue Code. (Compl., ¶1a.) The basis for the Complaint is that Plaintiff requested tax forms from Judge Kelley, the prosecutor, his defense attorney and other state officials who refused to provide the information. Plaintiff asserted:

> Plaintiff authorized and appointed the Hon. John T. Kelley the Executor of the legal estate of the decedent under 2038, 2041, 2514 of Title 26 under the Power of Appointment Act of 1951. As the donor and beneficiary of record to handle the accounting and taxes to dissolve the constructive trust Complaint No.-W-2014-009449-0408, Ind. No. I-3407-11-15, Case Code 201400051.

Petitioner attached a "Letter Rogatory" to the Complaint. (ECF No. 1 at 9.) The letter, like the Complaint, is nonsensical. The Court will dismiss the Complaint as frivolous. Dismissal will be with prejudice because amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir.

2002)(dismissal should be without prejudice unless amendment would be inequitable or futile).

IV. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will grant Plaintiff's IFP application and dismiss the Complaint as frivolous.

**DATED:** September 1, 2016

                                      s/RENÉE MARIE BUMB_____
                                      **RENÉE MARIE BUMB**
                                      **UNITED STATES DISTRICT JUDGE**